FILED'09 JAN 08 14:13USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES TUMMINO,

                Plaintiff,                        06-CV-00955-AC

        v.                               OPINION AND
                                                  ORDER

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

                Defendant.

ACOSTA, Magistrate Judge

*Introduction*

      Plaintiff Charles Tummino ("Tummino") brings this action seeking redetermination of

the notice of determination issued by the Internal Revenue Service ("IRS"), sustaining the filing

of a Federal tax lien against Tummino.  The IRS filed a motion for summary judgment on all

Page 1 - OPINION AND ORDER                                           {PLB}

claims. For the reasons stated below, Tummino may file an amended response to the motion for summary judgment.[1]

*Background*

On August 23, 2004, the IRS assessed a tax-promoter penalty of $1,437,450 against Tummino under I.R.C. § 6700. The IRS subsequently filed a Notice of Federal Tax Lien pursuant to I.R.C. §§ 6320 and 6330 encumbering Tummino's real property.

Tummino timely requested a Collection Due Process ("CDP") hearing under § 6330 to contest his liability and to propose alternatives to collection. A CDP hearing was held on March 9, 2006. As part of the CDP hearing, Tummino made an offer in compromise to the IRS, offering to pay $21,000 in full satisfaction of the penalties assessed against him. The IRS rejected Tummino's offer in compromise. The IRS concluded that Tummino was not entitled to contest liability in the CDP hearing and that the proper course was for Tummino to pay fifteen percent of the penalty and to file a tax-refund suit in federal district court. *Id.* Additionally, because Tummino failed to provide sufficient documentation to determine the amount of dissipated assets, the IRS was unable to determine the reasonable collection potential and minimum acceptable offer, resulting in the inability of the IRS to accept Tummino's offer in compromise.

Tummino filed a complaint for redetermination of the collection actions in the United States District Court for the District of Oregon. During discovery, Tummino requested all documents that the IRS relied on in determining that he was liable for the tax-promoter penalty. This court granted the parties' stipulated motion to stay the proceedings and remand the case to

---

[1]The parties have consented to jurisdiction by magistrate judge pursuant to 28 U.S.C. § 631(c)(1).

{PLB}

the IRS for consideration of the underlying liability.  On remand, the IRS sustained the lien filing against Tummino.

On July 30, 2008, the IRS filed a motion for summary judgment.  In his answer to the motion, Tummino claimed that the IRS had refused to provide all documents that the it had used as a basis for the penalty that it assessed against him.  By order, the parties submitted supplemental briefing to the court regarding whether the documents requested by Tummino are subject to review.  When the IRS submitted its memorandum to this court, it also provided additional documents to Tummino.  However, the IRS argues that these documents are not relevant to Tummino's discovery request and are protected by deliberative privilege.

*Discussion*

I.    Jurisdiction

This court has jurisdiction to review the notice of determination issued by the IRS, sustaining the filing of a Federal tax lein against Tummino.  Section 6330(d)(1) of the Internal Revenue Code states:

> **Judicial review of determination.**--The person may, within 30 days of a determination under this section, appeal such determination--
>> (A)    to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>> (B)    if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such an appeal with the correct court.[2]

---

[2]  On August 17, 2006, the Pension Protection Act of 2006 amended I.R.C. § 6330(d)(1), providing that "[t]he person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." *Callahan v. Commissioner of Internal Revenue*, 130 T.C. No. 3, 2008 WL 312750, *3 (Feb. 5, 2008) (citing Pub.L. 109-280, 120 Stat. 780). This amendment "modifies the jurisdiction of the Tax Court by providing that all appeals of collection due process determinations are to be made to the United States Tax Court." *Callahan*, 2008 WL 312750 at *3 (quoting Staff of the Joint

The Ninth Circuit has concluded that the Tax Court has jurisdiction over appeals of CDP determinations only where it would have had jurisdiction to consider the underlying tax liability. *Gorospe v. Commissioner of Internal Revenue*, 451 F.3d 966, 968 (9th Cir. 2006). "Where the Tax Court would not have had jurisdiction over the underlying tax liability, jurisdiction rests in the district courts." *Id.* (citing *Moore v. Comm'r*, 114 T.C. 171, 175 (2000)).

The Tax Court does not have jurisdiction over the tax-promoter penalty assessed in this case. The Sixth Circuit has held that while jurisdiction for an appeal of a CDP determination related to income tax liabilities lies solely in the Tax Court, jurisdiction over challenges of penalties for frivolous tax submissions under I.R.C. § 6702 rests in the district court alone. *Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008); *see also Hansen v. Comm'r of Internal Revenue*, T.C. Memo. 1996-158, 1996 WL 135690, *3 (March 27, 1996), *Van Es v. Comm'r of Internal Revenue*, 115 T.C. 324, 328-29 (2000). The court in *Wagenknecht* relied on I.R.C. § 6703(b) which provides that deficiency procedures for which the Tax Court has jurisdiction "shall not apply with respect to the assessment or collection of the penalties provided by section 6700, 6701, and 6702." Similarly, in this case, these deficiency procedures do not apply to the tax-promoter penalties under § 6700 assessed against Tummino. As a result, this court has exclusive jurisdiction to consider the merits of the penalties assessed against Tummino.

//

//

---

Committee on Taxation, 109th Cong., General Explanation of Tax Legislation Enacted in the 109th Congress, 507 (J. Comm. Print 2007)). Because Tummino filed his action in this court prior to this amendment, this amendment is not applicable to this case. This court applies § 6330 as it applied at the time that Tummino filed his claim in this court.

II.    Federal Rule of Civil Procedure 56(f)

Tummino alleges that the IRS has refused to provide the documentation on which the notice of determination was based. "Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment." *Program Engineering, Inc. v. Triangle Publications, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980). Rule 56(f) of the Federal Rules of Civil Procedure states:

> **When Affidavits are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)    deny the motion;
> (2)    order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3)    issue any other just order.

The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920-21 (9th Cir. 1997) (citations omitted).

Tummino proffers sufficient facts to show that the evidence sought exists and that such evidence would preclude summary judgment.    Specifically, Tummino's attorney, Gerald Douglas ("Douglas"), submitted a declaration stating that as the attorney for Tummino, he has "personal knowledge of many of the facts set forth" in Tummino's objection. (Douglas Decl. August 22, 2008.)    "[D]eclarations used to support or oppose summary judgment motions 'shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the [declarant] is competent to testify to the matters stated therein.'" *Sec. and Exch. Comm'n v. Phan*, 500 F.3d 895, 913 (9th Cir. 2007) (citing FED. R. CIV. P. 56(e)). The Ninth Circuit has held that an affidavit in support of a motion does not comply with Rule 56(e) where it was made

Page 5 - OPINION AND ORDER                                                  {PLB}

by counsel, "who obviously did not have personal knowledge of most of the things that he referred to, and whose testimony would not have been admissible in evidence at the trial." *Hoston v. J. R. Watkins Co.*, 300 F.2d 869, 870 (9th Cir. 1962).

In *Sellers v. M.C. Floor Crafters*, the attorney for M.C. Floor Crafters submitted an affidavit stating that it was based on "personal knowledge or upon information and belief as to matters conveyed to [him] by [Floor Crafters]." 842 F.2d 639, 643 (2nd Cir. 1988). The Second Circuit held that the affidavit was insufficient to support a motion for summary judgment because "there is no way to ascertain which portions of [the] affidavit were based on personal knowledge, as opposed to information and belief." *Id.*; *see also Wyler v. U.S.*, 725 F.2d 156, 160 (2nd Cir. 1983) (holding that an affidavit of an attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight.)

In this case, Tummino's attorney asserts that he has personal knowledge of "many" of the facts set forth in Tummino's opposition to summary judgment. (Douglas Decl.) Because the court cannot distinguish which of the "many" facts Douglas has personal knowledge of from those which he learned of from his client, this declaration is insufficient to support Tummino's opposition to summary judgment. However, Tummino's attorney has adequately proven that he has sufficient personal knowledge to support Tummino's Rule 56(f) motion. Despite the imprecise wording of his declaration, Tummino's attorney clearly has personal knowledge of his efforts to obtain the documents underlying the notice of determination. Tummino's opposition to summary judgment refers specifically to the IRS's refusal to provide the requested documents to "Plaintiff's counsel." (Pl. Mem. August 22, 2008 ¶ 19.)

Tummino's allegations that the IRS did not provide all relevant documentation and that such documentation exists is further supported by the fact that the IRS, in conjunction with filing

supplemental briefing to this court following oral argument, provided Tummino with additional documentation forming the basis of the IRS's determination.

The IRS argues that Tummino has not contested any of the facts alleged by the IRS as evidenced by the fact that he did not attach any affidavits or other documents as required to oppose a summary judgment motion under Rule 56(e). Contrary to this argument, Tummino has contested the facts alleged by the IRS, including whether Alpha Telecom, Inc. ("Alpha") used the marketing materials generated by Tummino to promote the pay phone program underlying the tax-promoter penalty, whether Tummino had a financial interest in all of the pay phone sales, and whether sales agents employed by Alpha used the video produced by Tummino to promote the program. Tummino's failure to attach affidavits supporting his opposition to summary judgment is explained by the fact that he did not have access to all of the relevant documentation when preparing his opposition to the motion for summary judgment. The documents recently provided by the United States may be used by the Tummino to oppose summary judgment.

In sum, Tummino's opposition to the motion for summary judgment and the declaration of his attorney, along with the IRS's admission that additional documents exist, are sufficient to show that the evidence sought by Tummino exists. Therefore, Tummino is entitled to relief under Rule 56(f). Tummino acknowledges that after providing the latest set of documents, the IRS has produced all of the supporting evidence that it has been able to find. As a result, a continuance to allow for further discovery is unnecessary. However, because the latest documents provided by the IRS are relevant to the court's review of the underlying liability and are properly subject to discovery, Tummino should have the opportunity to review the documents and to integrate them into a supplemental opposition to the motion for summary judgment.

III.    Discovery Requests

Although the IRS provided additional documents to Tummino and acknowledges that such documents should have been produced earlier, it objects to the interrogatories under which the documents were requested.  Specifically, the IRS argues that the request for documents on which the it relied in making its determination is not relevant and that the requested documents are protected because they are related to a deliberative process.  The IRS relies on *Mayes v. United States*, in which the court held that when conducting a de novo review of a determination of the IRS, it does not review the analysis or reasons provided by the IRS.  No. 84-5157-CV-SW-O, 1986 WL 10093, *3 (W.D. Mo. June 12, 1986).  Rather, the court will review the taxpayer's correct tax liability by examining the underlying facts and the applicable law.  *Id.* Where the validity of the underlying tax liability is properly at issue when a court is conducting a review of a CDP hearing, the court will review the matter on a de novo basis.  *Goza v. C.I.R.*, 114 T.C. 176, 181 (2000) (citing H.R. Conf. Rep. 105-599, at 266 (1998)); *see also Medlock v. United States*, 325 F. Supp. 2d 1064, 1076 (C.D. Cal. 2003).

Although this court agrees that when conducting a de novo review of a determination by the IRS it should look only to the underlying law and relevant facts, the facts in *Mayes* differ from those in this case.  In *Mayes*, the taxpayer sought a portion of an internal agency memorandum containing a legal analysis prepared by an IRS officer. 1986 WL 10093 at *1.  Of note is that the IRS had provided all documents in response to the taxpayer's discovery request except for the portion of the internal agency memorandum.  *Id.*  The court held that because its de novo review of the taxpayer's liability did not include a review of the IRS's analysis, the requested document, which was "predecisional" and deliberative, was protected from discovery.

In this case, unlike the taxpayer in *Mayes*, Tummino has not requested any documents such as internal memoranda pertaining to the reasoning of the IRS or legal analysis pertaining to the case. Instead, Tummino has requested documents that the IRS relied on when assessing the penalty against him. The documents most recently provided to Tummino by the IRS, including transcripts of other persons deposed during the Oregon securities investigation and other documents used to form the basis of the IRS's findings, are not deliberative documents prepared by the IRS such as that at issue in *Mayes*. These documents are relevant to this court's review of the underlying facts when conducting its de novo review of Tummino's liability. As a result, the documents requested by Tummino and provided by the IRS are not outside of the broad scope generally afforded discovery requests. *See* FED. R. CIV. P. 26(b)(1), *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

## *Conclusion*

Plaintiff may file a revised answer to Defendant's motion for summary judgment by January 30, 2009. Defendant may file a reply to Plaintiff's revised answer by February 13, 2009. The court will take the merits of the motion for summary judgment under advisement on that date.

IT IS SO ORDERED.

DATED this 8th day of January, 2009.

JOHN V. ACOSTA
United States Magistrate Judge

{PLB}