FILED
FEB 10 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHARLES TUMMINO, | 06-CV-00955-AC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, | |
| Defendant. | |

ACOSTA, Magistrate Judge

On December 14, 2009, the court entered an order granting defendants' motion for summary judgment. On December 23, 2009, the court convened a telephone status conference to determine the status of the case and the parties' respective positions on what issues, if any, remained to be resolved in the case. Plaintiff, who is proceeding pro se, responded that he disputed the correctness of the court's summary judgment ruling because, he contended, upon reviewing the documents he "found there are issues of material fact." Plaintiff then gave a detailed summary in support of his position. Ultimately, the court declared that it would treat

Page 1 - ORDER

plaintiff's oral challenge to the court's summary judgment ruling as a motion for reconsideration of that ruling. The court set dates by which defendants were to file any written response to plaintiff's motion and plaintiff was to file any reply. Subsequently, both the defendants and plaintiff filed their respective briefs by the scheduled dates. The court has reviewed those briefs, as well as its December 14, 2010, opinion and order, and the relevant portions of the record in this case, and it denies plaintiff's motion for reconsideration.

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) or 60(b). *School Dist. No. 1J, Multnomah County, OR v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), reconsideration is appropriate if newly discovered evidence is presented, or if the court's initial decision was clear error or manifestly unjust, or if there is a an intervening change in the controlling law. *Id.* at 1263. In addition, reconsideration is warranted where "other, highly unusual circumstances" exist. *Id.* Under Rule 60(b), reconsideration is appropriate only upon a showing of "of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County, OR v. ACandS, Inc.*, 5 F.3d at 1263.

Under either Rule 59(e) or Rule 60(b), plaintiff is not entitled to reconsideration. Plaintiff's position, as expressed during the December 23, 2009, status conference and in his written Response to United States' Response to Motion for Reconsideration (docket number 58), is that material fact questions exist; more precisely, that his supporting documents submitted in response to the defendants' summary judgment motion largely disprove the defendants' position regarding his tax liability. The court's summary judgment ruling fully accounted for the evidence produced by both parties on summary judgment and the extent to the which that

Page 2 - ORDER

evidence was both admissible and relevant. Plaintiff does not meet Rule 59(e)'s standard, as he makes no claim that he has discovered new evidence or that an intervening change in the law has occurred, his arguments do not demonstrate that the court's prior ruling was either clear error or manifestly unjust, and he otherwise presents no "other, highly unusual circumstances" which would warrant a change in the court's prior ruling. Nor does plaintiff meet Rule 60(b)'s standard by showing mistake, surprise, or excusable neglect; newly discovered evidence; fraud; a void judgment; a satisfied or discharged judgment; or extraordinary circumstances.

In sum, no legal basis exists upon which to reconsider the court's prior ruling on summary judgment. Accordingly, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED this 10th day of February, 2010.

_____
JOHN V. ACOSTA
United States Magistrate Judge